United States District Court
Southern District of Texas
FILED

OCT 0 9 2025

Nathan Ochsner
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN ALEJANDRO VASQUEZ, § <br> *Plaintiff,* § <br> § <br> § <br> V. § <br> § <br> § <br> § <br> UNITED STATES OF AMERICA § <br> § <br> *Defendant.* § | CIVIL ACTION NO. **B-25-230** <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff JUAN ALEJANDRO VASQUEZ ("Plaintiff" or "Vasquez"), and for his Original Complaint against the UNITED STATES OF AMERICA ("Defendant" or the "United States"), respectfully shows the Court as follows:

### I. PARTIES AND SERVICE

1. Plaintiff JUAN ALEJANDRO VASQUEZ, an individual residing in the state of Texas, is competent to bring and prosecute this action.

2. Defendant UNITED STATES OF AMERICA is the proper defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, for torts committed by employees of U.S. Customs and Border Protection / U.S. Border Patrol acting within the course and scope of their employment.

Service may be affected by delivering a copy of the summons and complaint to:

- The United States Attorney for the Southern District of Texas may be served at Civil Process Clerk, U.S. Attorney's Office, Southern District of Texas, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

- The Attorney General of the United States in Washington, D.C., may be served at the U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001.

- The appropriate agency head at U.S. Customs and Border Protection (CBP) may be served at Chief Counsel, U.S. Customs and Border Protection, 1300 Pennsylvania Avenue, NW, Washington, D.C. 20229.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b) because this is a civil action for money damages for injury caused by the negligent acts and omissions of federal employees acting within the scope of their employment.

4. Venue is proper in this Court under 28 U.S.C § 1391(b)(2) because the collision giving rise to this claim occurred in Brooks County, Texas, within the Southern District of Texas.

## III. ADMINISTRATIVE EXHAUSTION

5. Plaintiff timely filed an administrative claim with the appropriate federal agency pursuant to 28 U.S.C. § 2675. More than six months have elapsed without disposition.

## IV. FACTS

6. This case arises out of a motor vehicle collision that occurred on December 11, 2023, in Brooks County, Texas, as reflected in the certified crash report maintained by the Texas Department of Transportation.

7. On that date, Plaintiff Vasquez was lawfully operating his vehicle when a vehicle owned by the United States and operated by an employee and/or agent of the U.S. Border Patrol pulled across the path of Plaintiff's vehicle and collided with Plaintiff's vehicle.

8. The federal employee, acting within the course and scope of his employment, failed to operate the government vehicle in a safe and prudent manner, including but not limited to:

failing to yield the right-of-way, failing to maintain a proper lookout, and failing to avoid the collision.

9. As a direct and proximate result, Plaintiff sustained serious injuries requiring medical care, and has suffered physical pain, impairment, and other damages.

## V. CAUSES OF ACTION – NEGLIGENCE

10. Plaintiff incorporates all preceding paragraphs.

11. At all times material, the federal employee operating the government vehicle owed Plaintiff a duty to exercise ordinary care and to comply with Texas traffic laws.

12. Said employee breached that duty by:

    a. Failing to keep a proper lookout;

    b. Failing to yield the right-of-way;

    c. Failing to control speed;

    d. Failing to timely apply brakes; and

    e. Otherwise failing to operate the vehicle as a reasonably prudent driver.

13. The negligent acts and omissions of the employee were the proximate cause of Plaintiff's injuries.

## VI. NEGLIGENCE PER SE

14. Plaintiff incorporates all preceding paragraphs.

15. The federal employee violated provisions of the Texas Transportation Code, including but not limited to Chapter 545, which governs right-of-way, lookout, and control of motor vehicles.

16. Such statutory violates constitute negligence per se because Plaintiff was within the class of persons intended to be protected and suffered the type of harm the statute was designed to prevent.

## VII.   DAMAGES

17. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and will continue to suffer:

    a. Past medical expenses;

    b. Future medical expenses;

    c. Past and future physical pain and suffering;

    d. Past and future mental anguish;

    e. Past and future physical impairment and disfigurement;

    f. Loss of earning capacity, if any; and

    g. Any other damages recoverable by law.

    h. Damage to Plaintiff's vehicle in the amount of $20,000.00

## VIII.   PRESERVATION OF EVIDENCE

18. Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence relating to this incident, including crash reports, video recordings (e.g., dashcam, bodycam), internal communications, driver personnel files, maintenance logs, and any other relevant material.

## IX.   JURY DEMANDED

19. Plaintiff hereby demands a trial by jury on all claims and issues in this case.

## X.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial, he be awarded judgment against Defendants for damages in an amount in excess of the minimum jurisdictional limits of this Court, including but not limited to:

a. Reasonable medical care and expenses in the past. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of herein, and such charges are reasonable and were the customary charge for such services in the county and state in which they were rendered;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Mental anguish in the past and in the future;

d. Physical impairment in the past and in the future;

e. Physical disfigurement in the past and in the future;

f. Judgment against Defendants for actual and compensatory damages as set forth above, but not less than one million dollars.

g. Pre-judgement and post-judgement interest as allowed by law;

h. All costs expended herein; and for

i. Such other and further relief, general or special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

**THE ARMSTRONG FIRM**

2600 Old Alice Road, Suite A.
Brownsville, Texas 78521
Telephone: (956) 546-5556
Facsimile: (956) 546-0470
**ATTORNEY FOR PLAINTIFF**

By: /s/ R. W. Armstrong

**R. W. ARMSTRONG**
State Bar No.: 01323500